IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) (1) UPCO, INC., ) ) Defendant. ) ) ) ) ) ) ) | Case No.: 16-cv-609-CVE-TLW<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lydia Summers, who was adversely affected by such practices. As alleged with greater particularity below, UPCO Inc. violated the ADA by withdrawing a conditional offer of employment it made to Summers and refusing to permanently hire her because of her disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant UPCO Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§ 12111(5), (7).

5.     At all relevant times, Defendant UPCO Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Lydia Summers timely filed a charge of discrimination (Charge No. 564-2014-00017) with the Commission. Summers's charge alleged violations of Title I of the ADA by Defendant.

7.     The Commission sent Defendant timely notice of Summers's charge.

8.     On January 13, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA.

9. The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On June 14, 2016, the Commission issued a Notice of Failure of Conciliation to Defendant.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14. Since at least July 2011, Lydia Summers has had chronic pain syndrome, chronic headache syndrome, and Attention Deficit Hyperactivity Disorder. If left untreated, these conditions substantially limit Summers's major life activities and the functioning of bodily systems, including but not limited to Summers's ability to read, sleep, learn, communicate, interact, think and concentrate – major life activities – as well as the function of her brain and neurological system. To treat these conditions, Summers has been prescribed several medications which she tolerates well and without any negative side effects.

15. On October 1, 2012, Summers began working for UPCO through a staffing company as a temporary receptionist at the front desk and assisting in the accounting department.

16. On March 4, 2013, UPCO made Summers a conditional offer of full-time, permanent employment as a receptionist/accounts payable clerk. The offer was conditioned on Summers passing a physical exam, including a drug screen and a background check.

17. On March 7, 2013, Summers was given a physical exam and drug screen by OneSource Occupational Medicine, a third party medical contractor. At the time of the exam, Summers disclosed her prescription medications, dose, and frequency.

18. Dr. Gregory Mitchell of OneSource, who did not examine or question Summers, refused to approve her for employment with UPCO because of the supposed narcotic effect of her prescription medications. Mitchell stated he "could not approve [Summers's] employment at UPCO while under the influence of [her] medications[, . . . because] she would be at risk to harm herself or others while in a manufacturing/office environment."

19. UPCO told Summers that she did not pass the medical exam because of her medications and that her employment would be medically approved only if she stopped her use of her prescription medications.

20. Summers informed UPCO that she was able to do the job, that she had no adverse side effects from her medications, and that she had no "disabilities, limitations, or restrictions" and did not need any accommodations.

21. Summers gave UPCO a written medical release from her doctor, Dr. Blake Kelly, stating that her medications caused her "no ill effects or impairments . . . [and Summers is] fit for light duty employment, not to exceed lifting over 50lbs." The release also invited UPCO to contact Dr. Kelly with any concerns, but neither UPCO nor Dr. Mitchell did so.

22. Despite Dr. Mitchell's determination that Summers could not safely perform the essential functions of her job, UPCO continued to employ Summers as a temporary employee in the same position until April 3, 2013, approximately four weeks after her post-offer medical examination, when it withdrew its conditional offer and ended her employment.

23. Summers capably and satisfactorily performed her essential duties of her position, without accommodation, from the commencement of her temporary employment on October 1, 2012, up until the time UPCO ended her employment on April 3, 2013.

## STATEMENT OF CLAIMS

## COUNT I

### (ADA – Unlawful Failure to Hire)

24. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

25. Summers is a qualified individual with a disability as defined in the ADA.

26. Defendant discriminated against Summers in violation of 42 U.S.C. § 12112(a) by denying her employment on the basis of her disability, including the treatment thereof, and/or because it regarded her as disabled.

27. The effect of the practices complained of in the foregoing paragraphs has been to deprive Summers of equal employment opportunities and otherwise adversely affect her employment status on the basis of disability.

28. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Summers has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, depression, inconvenience, embarrassment and humiliation, and loss of enjoyment of life.

29. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Summers.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of disability.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of Defendant's past and present unlawful employment practices.

  C. Order Defendant to make Lydia Summers whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

  D. Order Defendant to make Lydia Summers whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make Lydia Summers whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

  F. Order Defendant to reinstate Lydia Summers, or compensate her with an appropriate amount as front pay, along with applicable interest.

  G. Order Defendant to pay Lydia Summers punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully Submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        s/ Andrea G. Baran
        ANDREA G. BARAN, #46520
        Regional Attorney

        s/ C. Felix Miller
        C. FELIX MILLER, #28309
        Supervisory Trial Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        St. Louis District Office
        1222 Spruce St., Rm. 8.100
        St. Louis, MO 63103
        (314) 539-7914 (T)
        andrea.baran@eeoc.gov
        felix.miller@eeoc.gov

        s/ Patrick J. Holman
        PATRICK J. HOLMAN,
        OBA No.: 21216
        Senior Trial Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Oklahoma Area Office
        215 Dean A. McGee Ave., Suite 524
        Oklahoma City, OK 73102

(405) 231-4363 (T); (405) 231-4375 (FX)
patrick.holman@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**