## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>UPCO, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.:   16-CV-609-CVE-tlw

### CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission has instituted this action alleging that Defendant UPCO, INC. discriminated against Lydia Summers ("charging party") because of her disability when it failed to employ her in violation of the Americans with Disabilities Act of 1990 ("ADA"). For purposes of settlement and compromise only, the EEOC and UPCO, INC. have advised the Court that they wish to resolve the instant controversy without the expense, delay and burden of further litigation.

It is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the EEOC and UPCO, INC., that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the ADA shall be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit between the EEOC and UPCO, INC., and (iv) the terms of this Decree constitute a fair, reasonable and equitable settlement and are not contrary to law.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## I.   INJUNCTION

1.      In all matters arising from or relating to employment, UPCO, INC. and its owners, members, officers, directors, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined from   demoting, terminating, or refusing to hire   qualified individuals based on the results of a pre-employment medical exam in the absence of an individualized assessment of the individual's present ability to safely perform the essential functions of the job with or without reasonable accommodation.

## II.   MONETARY RELIEF

2.      Judgment is entered in favor of the Commission and against UPCO, INC. in the amount of *One Hundred and Six Thousand Dollars* ($106,000.00) ("Monetary Payment" or "damages").   This amount represents payment of damages recoverable under the Act.

3.      In the event of non-payment, it is acknowledged that the monetary relief agreed to herein is a debt owed to and collectible by the EEOC or its proxy, notwithstanding that the charging party is the ultimate beneficiary of any agreed monetary relief.

4.      The receipt of monetary relief by the charging party shall not be conditioned upon her agreement to:   (a) maintain as confidential the terms of this Decree or the facts of this case; (b) waive her statutory right to file a charge for other conduct with any federal or state anti-discrimination agency; (c) refrain from applying for employment with UPCO, INC.; (d) enter into a non-disparagement agreement; (e) execute a general release of all claims; or (f) any other terms or conditions not explicitly stated in this Decree.

5.      Within thirty (30) days after this Decree is approved by the Court, UPCO, INC. shall mail to Lydia Summers, at an address provided by the EEOC, a check for back pay damages in the amount of forty thousand dollars ($40,000) to compensate her for lost wages and benefits. UPCO, INC. shall mail to Lydia Summers a separate, additional check for compensatory damages in the amount of sixty-six thousand dollars ($66,000).

6.      For payments designated "back pay," UPCO, INC. shall deduct only the employee's portion of applicable withholdings and taxes from the back pay amount and shall provide statements itemizing the withholdings.   UPCO, INC. shall timely issue to Lydia Summers an IRS Form W-2 for the back pay amount and an IRS Form 1099 for the remaining amount. UPCO, INC. and Lydia Summers are each responsible for the payment and discharge of their respective federal, state and local taxes arising out of the payments identified in this Section II.

## III.   OTHER RELIEF

A.  Policies

7.  Within thirty (30) days of entry of this Decree, UPCO, INC. will revise current or implement new policies that, at a minimum, do the following:

a.  Require that all employer-mandated medical exams fully comply with the ADA.

b.      Prohibit the demotion, termination, or non-hire of qualified individuals based on the results of a pre-employment medical exam in the absence of an individualized assessment of the individual's present ability to safely perform the essential functions of the job with or without reasonable accommodation.

8.      Within forty-five (45) days of entry of this Decree, UPCO, INC. shall provide a copy of the new and/or revised policy described in paragraph 7 above to each employee and shall require each employee to sign an acknowledgement that the policy has been read and understood.

**B.      Notice Posting**

9.      Within fifteen (15) days of entry of this decree, UPCO, INC. shall post copies of the Notice attached hereto as Exhibit A in locations readily visible to all applicants for employment and wherever notices to employees are customarily posted.   This Notice shall be posted in all locations in which UPCO, INC. conducts business in Oklahoma and shall remain posted for the term of this Decree.

**C.      Training**

10.      Within sixty (60) days of the Decree entry date, UPCO, INC. will provide a minimum of one hour of training regarding the employment discrimination provisions of the ADA and other statutes, with a focus on disability discrimination, to all employees who have not received anti-discrimination training within the previous ninety (90) days. UPCO, INC. will provide similar training to all new employees within forty-five (45) days of hire.

11.      Within twelve (12) months of the Decree entry date and annually thereafter for the term of this Decree, UPCO, INC. will provide training to all UPCO, INC. employees regarding disability discrimination, the ADA's requirements with respect to pre-employment medical examinations, reasonable accommodation, and retaliation. The training shall be conducted live by a qualified individual who is experienced in providing in-person training and knowledgeable of anti-discrimination laws in general and the ADA in particular. The training shall be mandatory for all employees and will last a minimum of one hour for non-supervisory employees and one and

4

one half hours for all Human Resources employees and all supervisors and managers overseeing UPCO, INC. employees in Oklahoma.

### D.    Reporting and Monitoring

12.    Within thirty (30) days of the completion of each training session required by paragraph 10, above, UPCO, INC. shall report to the EEOC the names and job titles of the employees who attended the training, the date the training was provided, and certification that all employees received the required training.

13.    Within thirty (30) days of the completion of each training session required by paragraph 11, above, UPCO, INC. shall report to the EEOC the names and job titles of the employees who attended the training, the date the training was provided, and certification that each employee received the required training.

14.    Within ninety (90) days of entry of this decree and every six (6) months   thereafter, UPCO, INC. shall provide to the Regional Attorney of the Commission's St. Louis District Office a list of each applicant and/or employee rejected for employment, demoted, and/or terminated based on the results of a mandatory medical exam and/or because of a belief that their employment would pose a direct risk of harm to the employee or others, with or without reasonable accommodation, at any of the company's Oklahoma locations. The report shall include the affected individual's name, address, phone number, e-mail, job position applied for or held, date of adverse action, a description of the adverse action and factual basis for the action, and name and job title of the decision-maker(s).

15.      UPCO, INC. shall maintain such records as are necessary to demonstrate its compliance with the provisions of this Decree and to verify the reports submitted.   During the term of this Consent Decree and upon request of the Commission, UPCO, INC. shall make available for inspection any records related to compliance with this Decree.   Such review shall be initiated by written notice to the attorney of record for UPCO, INC. at least fifteen (15) days in advance of any such inspection.

16.      Within sixty (60) days of entry of this Decree, UPCO, INC. shall certify by letter to the Regional Attorney of the Commission's St. Louis District Office that the required checks have been sent, the notices posted, the revised policy implemented and distributed, as required by Section II, paragraph 5, and Section III. A and B of this Decree, including providing copies of all checks and correspondence sent pursuant to those paragraphs.

17.      At any time during the term of this Decree but no more often than two times per year in years where no complaint has been made by an UPCO, INC. employee, the Commission's Regional Attorney in its St. Louis District Office may request from UPCO, INC.   reasonable supporting documentation regarding its continued compliance with any term of this Decree. UPCO, INC. shall provide such documentation within a reasonable amount of time, not to exceed forty five (45) days after the request is made.

18.      The certifications required by this Decree shall be made under oath or penalty of perjury by an officer or management employee of UPCO, INC.

19.      All certifications, notices, reports and other materials required to be submitted to the Commission under this Decree shall be mailed to Andrea G. Baran, Regional Attorney, U.S. Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, MO

63103 (or her successor), with electronic copies e-mailed to andrea.baran@eeoc.gov and patrick.holman@eeoc.gov.

## IV. TERM AND EFFECT OF DECREE

20.     The terms of this Consent Decree shall be binding upon UPCO, INC.'s present and future owners, directors, members, officers, managers, agents, successors and assigns. UPCO, INC. and any successor(s) shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it or any proposed successor, prior to any such acquisition, merger or succession.

21.     The term of this Decree shall end no later than three (3) years after the date it is approved by the Court.   During the Decree's term the Court shall retain jurisdiction of this case for purposes of enforcement of the terms of the Consent Decree and may extend the duration of its term if it is shown that UPCO, INC. has violated the Consent Decree.

22.     At any time during the term of this Decree, the Commission may petition this Court to enforce any term of this Decree.   Should the Court determine that UPCO, INC. has not substantially complied with any term of this Decree, the Court shall grant appropriate relief, including an extension of the period of the decree, and shall award the EEOC its costs and attorney's fees incurred in enforcing this decree.

23.     Each party shall be responsible for its own costs of this action.

24.     By entering into this Consent Decree the Parties intend to resolve all claims alleged by the Commission in its complaint or that the Commission could have brought under Charge No. 564-2014-00017.

**DATED** this 30th day of May, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

**BY CONSENT:**

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION:**                    **UPCO, INC.:**


s/ Andrea G. Baran                             **Attorneys for Plaintiff EEOC**
ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY          s/ Deidre Kenney
COMMISSION                            DEIDRE KENNEY,
St. Louis District Office             Human Resources Director
1222 Spruce Street, Rm 8.100         Corporate Representative for UPCO, INC.
St. Louis, MO 63103

s/ Patrick J. Holman
PATRICK J. HOLMAN, OBA #21216
Senior Trial Attorney
Oklahoma Area Office - EEOC
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
T: 405.231.4363
patrick.holman@eeoc.gov

EMILY A. KEATLEY                      s/ Elaine Drodge Koch
Trial Attorney                       ELAINE DRODGE KOCHBryan Cave
Kansas Area Office – EEOC            LLP
400 State Ave., Ste. 905            1200 Main St.
Kansas City, Kansas 66101            Kansas City, MO   64105T: 816 374 3235M:
T: 913.551.6648                      816 309 3537edkoch@bryancave.com
emily.keatley@eeoc.gov

                                     **Attorney for Defendant UPCO, INC.**

**Attachment A**

### NOTICE TO ALL UPCO APPLICANTS & EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in the Northern District of Oklahoma in *EEOC v UPCO, INC.,* Case No. 16-CV-609-CVE-tlw.

Federal law requires that there be no discrimination against any employee or applicant for employment because of that person's race, color, religion, sex, national origin, disability, genetic information, or age with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

The Americans with Disability Act (ADA) protects individuals from employment discrimination because of actual disability, a history of disability, and/or perceived disability; allows for reasonable accommodations for disabled individuals; and also prohibits retaliation because an individual participates in the equal employment opportunity process or opposes discrimination.

UPCO INC strongly supports and shall comply with the ADA, the agreed Consent Decree, and with all such federal anti-discrimination laws in all respects, and will not take any action against employees because they have exercised their rights under the law. Should you be retaliated against because you have opposed any practice made unlawful by the ADA, or because you have filed a charge of discrimination, testified, assisted, or participated in an investigation, proceeding, or litigation under the ADA, or in any other way discriminated against while employed by UPCO, INC., you may seek assistance from:

The Global Hotline at 1-800-495-1775, or contact:

Human Resources at UPCO, INC.; or:

U.S. Equal Employment Opportunity Commission, Oklahoma Area Office,

215 Dean A. McGee Ave, Suite 524

Oklahoma City, Oklahoma          73102

Attention: Patrick J. Holman, Senior Trial attorney

Direct Telephone: (405) 231-4363, E-mail: patrick.holman@eeoc.gov, or:

PROPOSED 8/9/07

1252546.1\0552099

Regional attorney for the St Louis District Office,

Andrea G. Baran, at (314) 539-7910, E-mail: andrea.baran@eeoc.gov

WWW.EEOC.GOV


UPCO INC hereby reminds all of its employees that discrimination of any kind will not be tolerated.

PROPOSED 8/9/07

1252546.1\0552099